IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:23-cv-00010-MR

MECO TARNELL WIGGINS, )
)
         Plaintiff, )
)
vs. )
)
SHAKENA VERNADO, et al., ) **ORDER**
)
         Defendants. )
)

**THIS MATTER** is before the Court on review of the Plaintiff's pro se Complaint.[1] [Doc. 1].

## I. BACKGROUND

The pro se Plaintiff, a state prisoner currently incarcerated at the Tabor Correctional Institution in Tabor City, North Carolina,[2] filed this civil rights action pursuant to 42 U.S.C. § 1983. He names as Defendants: Shakena Verano, a Harnett CI captain; FNU Bulhholtz, an NCDPS regional director in Raleigh;[3] FNU Urso, a Tabor CI case manager; and Jamie Bullard, the Tabor

---

[1] The Plaintiff has not paid the filing fee, or moved to proceed *in forma pauperis*.

[2] Tabor City is located in Columbus County, which is in the Eastern District of North Carolina.

[3] Raleigh is located in Wake County, which is in the Eastern District of North Carolina.

CI warden. The Plaintiff claims that his First Amendment rights were violated when he was transferred from Harnett CI[4] to Tabor CI, which cannot accommodate his religious diet. [Doc. 1 at 4-6]. As injury, the Plaintiff claims that he has developed high blood pressure, swelling in his legs, chest pain, and "restless nights" due to stress. [Id. at 6]. He seeks damages and injunctive relief. [Id.].

## II. DISCUSSION

In an action arising under 42 U.S.C. § 1983, venue is established by 28 U.S.C. § 1391(b), which provides that a civil action may be brought in "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred … ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

Therefore, under § 1391, the Plaintiff's action may be heard in a venue where all the Defendants reside, or in the venue where the issue substantially arose, which here is the Eastern District of North Carolina.

---

[4] Harnett CI is located in Harnett County, which is in the Eastern District of North Carolina.

Pursuant to 28 U.S.C. § 1406(a), the Court may dismiss this action or, if it is in the interest of justice, transfer this action to the United States District Court for the Eastern District of North Carolina. In the interest of justice, the Court will transfer this action to the Eastern District of North Carolina.

## III. CONCLUSION

For the reasons stated herein, this action will be transferred to the Eastern District of North Carolina.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's action is **TRANSFERRED** to the Eastern District of North Carolina.

The Clerk is instructed to terminate this action.

**IT IS SO ORDERED.**

Signed: January 17, 2023

Martin Reidinger
Chief United States District Judge